# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| BREAKFAST STATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) |
| GEORGE'S BREAKFAST STATION, INC., | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

Breakfast Station, Inc. ("Plaintiff" or "Breakfast Station") brings this action for Trademark Infringement, Unfair Competition, and Trademark Counterfeiting against Defendant George's Breakfast Station, Inc. ("Defendant" or "George's Breakfast Station"). Breakfast Station seeks monetary damages, injunctive relief, and attorneys' fees and costs for Defendant's continued and Unauthorized Infringing and Counterfeit Uses of Breakfast Stations' Federally-Registered and Common Law Trademarks.

## PARTIES

1. Plaintiff Breakfast Station, Inc. is a corporation organized under Florida law with its principal place of business located at 9141 Little Road New Port Richey, Florida 34654. Breakfast Station is a citizen of Florida.

2. Defendant George's Breakfast Station, Inc. is a corporation organized under Florida law with its principal place of business located at 630 South Pinellas Avenue, Unit B, Tarpon Springs, Florida 34689. Defendant is a citizen of Florida and can be served through its registered agent for service of process, George Poulos.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction because Breakfast Station alleges claims under the Federal Lanham Act, 15 U.S.C. §§ 1116(a), 1121. *See* 28 U.S.C. §§ 1331, 1338, and 1367.

4. This Court has personal jurisdiction over the parties because they have extensive contacts and business dealings in Florida, including the business transactions and operations alleged in this Complaint. The parties have purposefully transacted business in Florida, and Defendant's Florida business operations in and around Tarpon Springs, Florida form the basis of Breakfast Station's claims against it.

5. Venue is proper in this District because Defendant is headquartered in Tarpon Springs, Florida and because the business operations forming the basis of this Complaint occurred in Tarpon Springs, Florida. *See* 28 U.S.C. § 1391(b).

## ALLEGATIONS

6. Breakfast Station is in the business of granting franchises to qualified persons. Franchisees contract with Breakfast Station for the right to own and operate Breakfast Station full-service restaurants offering a variety of breakfast and lunch menu options. Franchisees also contract for access to confidential and proprietary Breakfast Station business systems.

7. Breakfast Station is the owner of the Breakfast Station Trademarks. Breakfast Station owns a Federal Trademark Registration for the Mark "Breakfast Station®", United States Patent and Trademark Office ("USPTO") Registration No. 6,606,764, and for the Design Mark "Breakfast Station®", USPTO Registration No. 6,606,766 (collectively, the "Marks"). The Marks are in full force and effect. Breakfast Station also owns Common Law rights to the Marks in Florida and other States.

8. The Marks are used in interstate commerce.

9. Breakfast Station notified Defendant of its Infringing Uses of the Marks on or about February 7, 2023, by way of a Cease and Desist Letter (the "First

Demand Letter"). A true and correct copy of the First Demand Letter is attached as **Exhibit** "**A**."

10. Following Defendant's receipt of the First Demand Letter, an individual representative of Defendant claiming to be "George" called Counsel for Breakfast Station and said that he would be contacting legal counsel. The name on the caller identification was "George Poulos."

11. Following that phone call, Breakfast Station continued to monitor Defendant's Infringing Uses of the Marks and discovered that the signage at Defendant's restaurant location and the online presence had been changed to remove the Marks/words "Breakfast Station" as demanded in the First Demand Letter.

12. Upon information and belief, Defendant then filed a State Trademark Application with the State of Florida's Division of Corporations on February 23, 2023 ("Florida Trademark Application"), following receipt of the First Demand Letter and, thus, following Defendant's notice that there existed clearly conflicting Federally-Registered Trademarks and Common Law Trademarks that predated Defendant's use of any such Marks. A true and correct copy of the Florida Trademark Application is attached as **Exhibit** "**B**."

13. On or about September 1, 2023, Breakfast Station discovered that Defendant continues to use the Marks/name "Breakfast Station" in connection with its "George's Breakfast Station" business. The signage using the Infringing Marks

at Defendant's restaurant location has been <u>re</u>-installed and the online presence has been <u>re</u>-established.

14. On or about September 1, 2023, Breakfast Station notified Defendant of its Infringing Uses of the Marks by way of a Second Cease and Desist Letter (the "Second Demand Letter"). A true and correct copy of the Second Demand Letter is attached as **Exhibit** "**C**."

15. Upon information and belief, Breakfast Station's Date of First Use in commerce of the Marks long predates Defendant's Infringing Uses.

16. Upon information and belief, Breakfast Station's Common Law First Uses of the Marks long predates Defendant's Infringing Uses.

17. Upon information and belief, there have been numerous instances of Actual Confusion from Defendant's Unauthorized/Infringing Uses of the Marks, including by customers and franchisees of the Breakfast Station franchise system receiving phone calls and reviews based on customers' experiences at Defendant's business.

18. Defendant has not been granted a license or any right to use the Marks, and Breakfast Station has not otherwise consented to Defendant's Infringing Uses of the Marks.

19. Upon information and belief, Defendant has profited from such aforementioned instances of Actual Confusion and Likelihood of Confusion in the form of increased sales and services at Defendant's business.

## COUNT I
## Federal Trademark Infringement

20. Breakfast Station hereby adopts and realleges by reference the preceding paragraphs as if fully set forth herein.

21. Defendant's Infringing Uses of the Marks are likely to deceive or confuse the public into believing, contrary to fact, that Defendant's "George's Breakfast Station" business operations are licensed, franchised, sponsored, authorized, or otherwise approved by Breakfast Station, or are in some other way connected to, associated with, or affiliated with Breakfast Station. These Unlicensed Uses infringe Breakfast Station's exclusive rights in the Marks under § 32 of the Lanham Act, 15 U.S.C. § 1114.

22. Defendant's acts were done and are being done willfully, knowingly, and intentionally to cause confusion, mistake, or to deceive, and to damage Breakfast Station and its authorized franchisees.

## COUNT II
## Federal Trademark Counterfeiting

23. Breakfast Station hereby adopts and realleges by reference the allegations contained in paragraphs 1 through 19 above, as if fully set forth herein.

24. Defendant's acts were done and are being done willfully, knowingly, and intentionally to cause confusion, mistake, or to deceive, and to damage Breakfast Station and its authorized franchisees.

25. Defendant intentionally used the Marks and continues to use the Marks with knowledge of Breakfast Station's Federally-Registered and Common Law Trademarks and intentionally used the Marks and continues to use the Marks knowing Defendant's Unauthorized Uses of the Marks are Counterfeit. These Unlicensed Uses infringe Breakfast Station's exclusive rights in the Marks and constitute Trademark Counterfeiting under § 43(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

## COUNT III
## Federal Unfair Competition

26. Breakfast Station hereby adopts and realleges by reference the allegations contained in paragraphs 1 through 19 above, as if fully set forth herein.

27. Defendant's Unauthorized Uses of the Marks are likely to cause confusion, mistake, or deceive as to the origin, sponsorship, or approval of Defendant's services and commercial activities. Defendant's Unauthorized Uses of the Marks violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28. Defendant's acts were done and are being done willfully, knowingly, and intentionally to cause confusion, mistake, or to deceive, and to damage Breakfast

Station and its authorized franchisees.

29. Defendant's actions have caused and are continuing to cause Breakfast Station monetary damages and irreparable reputational and other damages.

## COUNT IV
## Common Law Trademark Infringement

30. Breakfast Station hereby adopts and realleges by reference the allegations contained in paragraphs 1 through 19 above, as if fully set forth herein.

31. Defendant's Infringing Uses of the Marks are likely to deceive or confuse the public into believing, contrary to fact, that Defendant's "George's Breakfast Station" business operations are licensed, franchised, sponsored, authorized, or otherwise approved by Breakfast Station, or are in some other way connected to, associated with, or affiliated with Breakfast Station. These Unlicensed Uses infringe Breakfast Station's Florida Common Law Trademark Rights in the Marks.

32. Defendant's acts were done and are being done willfully, knowingly, and intentionally to cause confusion, mistake, or to deceive, and to damage Breakfast Station and its authorized franchisees.

33. Defendant's actions have caused and are continuing to cause Breakfast Station monetary damages and irreparable reputational and other damages.

## COUNT V
## Florida Unfair Competition

34. Breakfast Station hereby adopts and realleges by reference the allegations contained in paragraphs 1 through 19 above, as if fully set forth herein.

35. Defendant's Unauthorized Uses of the Marks are likely to cause confusion, mistake, or deceive as to the origin, sponsorship, or approval of Defendant's services and commercial activities. Defendant's Unauthorized Uses of the Marks violate the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 et seq.

36. Defendant's acts were done and are being done willfully, knowingly, and intentionally to cause confusion, mistake, or to deceive, and to damage Breakfast Station and its authorized franchisees.

37. Defendant's actions have caused and are continuing to cause Breakfast Station monetary damages and irreparable reputational and other damages.

## COUNT VI
## Cancellation of Florida Trademark Registration Under Fla. Stat. §§ 495.101(3)(b-d), (f) and 495.101(4)

38. Breakfast Station hereby adopts and realleges by reference the allegations contained in paragraphs 1 through 19 above, as if fully set forth herein.

39. Breakfast Station notified Defendant of its Infringing Uses of the Marks on or about February 7, 2023, by way of the First Demand Letter.

40. Thereafter, on or about February 23, 2023, Defendant filed the Florida

Trademark Application with the State of Florida's Division of Corporations for the Design Mark "GEORGE'S BREAKFAST STATION & DESIGN OF A HARD BOILED EGG IN EGG CUP" in connection with "Breakfast and Lunch" services, claiming a Date of First Use in Florida of January 19, 2009, and obtained a Florida Registration No. P09000006288.

41. As a prerequisite to registration, the Florida Division of Corporations requires the applicant/owner of the mark in question to affirm, in part, that "no other person . . . has the right to use such mark in Florida either in the identical form thereof or in such near resemblance as to be likely. . . to cause mistake or to deceive."

42. On February 23, 2023, George Poulos, claiming to be an "authorized agent" of George's Breakfast Station, Inc., signed the sworn statement despite actual knowledge of Breakfast Station's ownership and prior use of the Federally-Registered and Common Law Trademarks, and after receipt of the First Demand Letter.

43. On or about February 28, 2023, the Florida Division of Corporations relied upon this knowingly, false material representation of fact in the application to issue Florida Registration No. P09000006288 under the mistaken belief that "no other person…has the right to use such mark in Florida."

44. Defendant is not the owner of the Marks, but rather Breakfast Station is the owner of the Marks.

45. The Registered Mark of Florida Registration No. P09000006288 is so similar, as to be likely to cause confusion or mistake or to deceive, to Breakfast Station's Federally-Registered and Common Law Trademarks.

46. Breakfast Station seeks cancellation of Florida Registration No. P09000006288 pursuant to Fla. Stat. §§ 495.101(3)(b-d), (f) and 495.101(4).

47. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Breakfast Station, unless Florida Registration No. P09000006288 is cancelled.

**WHEREFORE**, Breakfast Station prays that this Court:

(a) Enter a judgment in favor of Breakfast Station and against Defendant for the compensatory monetary damages Defendant caused by its Trademark Infringement and Unfair Competition under § 35 of the Lanham Act, 15 U.S.C. § 1117(a);

(b) Enter a judgment in favor of Breakfast Station and against Defendant for three times Defendant's profits or Breakfast Station's damages, whichever amount is greater, together with Breakfast Station's costs and attorneys' fees incurred in this action under § 35 of the Lanham Act, 15 U.S.C. § 1117(b);

(c)     Enter a judgment in favor of Breakfast Station and against Defendant for statutory damages for Defendant's willful use of the Counterfeit Marks in connection with the sale, offering for sale, and distribution of Defendant's goods and services in the amount of $2,000,000 per Counterfeit Mark under § 35 of the Lanham Act, 15 U.S.C. § 1117(c)(2);

(d)     Enter an order enjoining Defendant, and anyone acting through it, from using the Marks and from otherwise engaging in Unfair Competition with Breakfast Station;

(e)     Award Breakfast Station Prejudgment Interest in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

(f)     Find that this case is an "exceptional case" pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117(a) due to Defendant's willful trademark infringement in filing a Florida State Trademark Application following Defendant's notice of infringement via the First Demand Letter, such that the Court may award Breakfast Station its costs and attorneys' fees incurred in this action;

(g)     Enter an order to cancel the Florida State Registration of Defendant's trademark "GEORGE'S BREAKFAST STATION

& DESIGN OF A HARD BOILED EGG IN EGG CUP", Florida Registration No. P09000006288; and

(h) Grant Breakfast Station such other relief as the Court deems just and proper.

Respectfully submitted this  31st  day of October, 2023.

                      Saxton & Stump, LLC
                      M. Kelly Tillery, Esq.
                      (*Pro Hac Vice Motion to be Filed*)
                      123 South Broad Street, Suite 2800
                      Philadelphia, PA 19109
                      Phone: 717-556-1034
                      Email: ktillery@saxtonstump.com

                      STIPHANY LAW
                      *Counsel for Plaintiff,*
                        *Breakfast Station, Inc.*
                      1581 Brickell Avenue, Unit 1703
                      Miami, FL 33129
                      Phone: 786-598-7943
                      Email: Gary@StiphanyLaw.com

            BY:  /s/ Gary T. Stiphany
                      GARY T. STIPHANY, ESQ.
                      Fla. Bar #342513